UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason Alan Beckstrand,<br><br>    Petitioner,<br><br>v.<br><br>James Bolin,<br><br>    Respondent. | Case No. 20-cv-1711 (NEB/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on Petitioner Jason Alan Beckstrand's Petition for Writ of Habeas Corpus [ECF No. 1]. Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2254, challenging his conviction of second degree criminal sexual conduct. Petitioner is incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota. (*Id.*) The petition was referred to this Court pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for the issuance of a report and recommendation. The Court concludes that Petitioner is not entitled to habeas relief and recommends that the petition be denied.

**I. Background**

  This case concerns an incident that occurred in January 2017, while Petitioner's two children, ages eight and ten, were staying at the house he shared with his girlfriend and her children. *State v. Beckstrand*, Case No. A18-0189, 2019 WL 1006665, at *1 (Minn. Ct. App. Mar. 4, 2019). Petitioner's son was sleeping on the couch, but woke up

frightened and crawled into bed with Petitioner. *Id.* Once his son got into the bed, Petitioner reached over and put his hand down his son's pants and began touching his penis for approximately five seconds. *Id.*

The state charged Petitioner with first degree sexual conduct, which was later amended to second degree sexual conduct. *Id.* The matter went to trial, where the jury convicted Petitioner of second-degree criminal sexual conduct and the district court sentenced him to 150 months. *Id.*

Petitioner appealed that conviction on two fronts. (Pet. at 2[1] [ECF No. 1].) First, he argued that the evidence was not sufficient to support his conviction because the state had failed to prove he intentionally touched his son's penis, or that he did so with sexual or aggressive intent, which are both elements of the crime. *Beckstrand*, 2019 WL 1006665, at *1. Second, Petitioner argued the District Court committed reversable error when it permitted evidence of his prior convictions, including a felony-level juvenile adjudication, to be used to impeach his testimony. *Id.* at *2.

On the first point, the court of appeals applied the two-step analysis set out in state law for assessing convictions based on circumstantial evidence. *Id.* It concluded that the evidence was sufficient for the jury to find Petitioner guilty of second-degree criminal sexual conduct. *Id.* As to the second point, the court held that although it was error for the district court to permit Petitioner's juvenile conviction to be used for impeachment

---

[1] For ease of reference the Court cites to the pagination included by the CM/ECF system when citing the Petition.

2

purposes, that error was harmless because there was no reasonable possibility that it influenced the jury's verdict. *Id.* at *6.

Petitioner appealed that decision to the Minnesota Supreme Court, which denied review on May 28, 2019. (Pet. at 2; Resp.'s Ex. 11 [ECF No. 7-11].) Petitioner filed his habeas petition on August 5, 2020. In it, he raises one claim, which is a version of the first of his two issues on appeal: That the state violated due process when it relied entirely upon circumstantial evidence to prove he intentionally touched his son's penis. (Pet. at 5.)

Respondent asks the Court to deny Petitioner's habeas petition on the grounds that (1) Petitioner failed to fairly present the federal nature of his claim to the Minnesota Supreme Court, such that it is now procedurally defaulted, or, in the alternative, (2) his claim was not resolved in a manner that is contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

## II. Discussion

### A. Fair Presentation

As a threshold matter, before a state prisoner may seek federal habeas relief under § 2254, he "must 'fairly present' his federal claims to the state courts." *Turnage v. Fabian,* 606 F.3d 933, 936 (8th Cir. 2010). This requirement gives states the "opportunity to pass upon and correct alleged violations of their prisoners' federal rights." *Id.* (quotations omitted). The petitioner bears the burden of presenting the substance of his federal claims in each appropriate state court. *Id.* In so doing, it is not

enough to recite "only . . . the facts necessary to state a claim for relief" or to "make a general appeal to a constitutional guarantee as broad as due process," *Gray v. Netherland,* 518 U.S. 152, 163 (1996) (quotations omitted). Instead, "in order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Turnage*, 606 F.3d at 936 (quotations omitted). That is, the petitioner must "explicitly [refer] the state courts to the United States Constitution or federal case law." *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995) (quotations omitted). If the petitioner does not fairly present a federal claim to the state courts with reference to the federal law underpinning the claim, those claims are generally defaulted. *Turnage*, 606 F.3d at 936.

Respondent argues that Petitioner did not fairly present his federal claim in his appeal to the Minnesota Supreme Court. Specifically, Respondent points out that Petitioner's Petition for Review of the court of appeals' decision did not cite any federal law at all—let alone as a basis for overturning Petitioner's conviction. (Resp.'s Mem. at 3–4 [ECF No. 8].) The Court has reviewed the Petition for Review and agrees it does not cite to federal law or the U.S. Constitution. (*See* Resp.'s Ex. 10 [ECF No. 7-10].)

In order to satisfy the fair presentation requirement, a petitioner must have presented the federal nature of his claims to each level of the state courts, *Baldwin v. Reese,* 541 U.S. 27, 29 (2004), and in states with two tiers of appellate review, a petitioner must have raised his federal claims to both levels before presenting his claims

4

in a federal habeas petition, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner ordinarily does not "fairly present" a claim to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Baldwin*, 541 U.S. at 32.

Courts in this circuit have concluded that a petitioner's failure to cite any federal cases or constitutional provisions in his appeal to the state supreme court is a procedural default.  In *Johnson v. Symmes*, the petitioner referenced federal caselaw in his brief to the Minnesota Court of Appeals but did not include any federal law in his petition for review to the Minnesota Supreme Court, so his claim was defaulted.  Case No. 11-cv-2610 (RHK/JJG), 2012 WL 3115779, at *6 (D. Minn. July 2, 2012), *report and recommendation adopted by* 2012 WL 3065547 (D. Minn. July 27, 2012) *and* 2012 WL 3136521 (D. Minn. Aug. 1, 2012).  In *Wickner v. Fabian*, the district judge adopted the magistrate judge's recommendation that a claim be dismissed as procedurally defaulted where neither the filings before the Minnesota Supreme Court nor the habeas petition cited federal law.  Case No. 06-cv-1727 (DWF/RLE), 2007 WL 1201621, at *5 (D. Minn. Apr. 20, 2007).  In so doing, the court concluded that it was insufficient that the Minnesota Court of Appeals had cited federal law in its decision and the briefing had "implicate[d]" certain federal rights.  *Id.*  Likewise, the fact that there may be parallel rights arising under both federal and state constitutional law does not abrogate the requirement that the federal underpinnings for a claim be fairly presented.  For example, a recent decision from the United States District Court for the Eastern District of

5

Arkansas held that a habeas petitioner had procedurally defaulted on his federal speedy trial claim where he had only raised a state speedy trial claim before the state appellate courts. *Carter v. Kelley*, No. 5:17-CV-00069-JTR, 2019 WL 1371845, at *15–16 (E.D. Ark. Mar. 26, 2019), *appeal dismissed*, No. Case 19-1876, 2020 WL 6256718 (8th Cir. Feb. 6, 2020), *cert. denied*, Case No. 20-5722, 2020 WL 6551824 (U.S. Nov. 9, 2020).

Here, although Petitioner's filings to the Minnesota Court of Appeals cited federal constitutional provisions and case law (*see* Resp.'s Ex. 7 [ECF No. 7-7]), Petitioner's filings with the Minnesota Supreme Court did not. Instead, Petitioner's petition to the supreme court referenced only state caselaw. In short, Petitioner's claims were not fairly presented as federal claims to the Minnesota Supreme Court, and are thus procedurally defaulted.

### B. Clearly Established Law

The Court has concluded that Petitioner's claim is procedurally defaulted, so it need not look further into his arguments. Nonetheless, out of an abundance of caution, the Court proceeds to the merits of Petitioner's claim since a court may also deny a petition for a writ of habeas corpus "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Habeas relief under 28 U.S.C. § 2254 may be warranted in three circumstances: (1) when a state court decision was contrary to clearly established federal law, (2) when a state court decision involved an unreasonable application of clearly established federal law, or (3) when a state court decision "was based on an unreasonable determination of

6

the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1), (2).

The United States Supreme Court discussed the meaning of the "contrary to" and "unreasonable application" clauses of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). A state court decision is "contrary to" the Supreme Court's precedent if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or if it "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams*, 529 U.S. at 405. A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The habeas court must "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. A federal court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

As to the third clause of § 2254(d), a federal habeas court "presumes that the state court's factual determinations are correct." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000) (citing § 2254(e)(1)). This deference applies to factual determinations made by the state trial and appellate courts. *Sumner v. Mata*, 449 U.S. 539, 547 (1981). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Whitehead v. Dormire*, 340 F.3d 532, 539 (8th Cir. 2003).

7

In examining the merits of Petitioner's claim, this Court will "look through" the decision of the Minnesota Supreme Court to the last reasoned opinion of the Minnesota Court of Appeals, which was the last related state court decision that provides a relevant rationale. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

Petitioner only claims one ground on which he believes he is being held unlawfully. He contends that "[t]he state failed to provide Due Process Clause of the 14th Amendment, in violation of *Jackson v. Virginia*," since "[t]he state relied entirely upon circumstantial evidence to prove 'intentional touching,' and told the jury to use their own experiences, or speculate, to determine if [Petitioner] intended to touch [his son's] intimate parts." (Pet. at 5.) In a memorandum Petitioner submitted to the Court, he elaborated on that argument with arguments similar to those he advanced to the Minnesota Court of Appeals and the Minnesota Supreme Court.

In *Jackson v. Virginia*, the Supreme Court articulated the standard of review for allegations involving insufficient evidence. 443 U.S. 307 (1979). "Under *Jackson*, a habeas petitioner is entitled to relief if [the court] concludes 'that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Nash v. Russell*, 807 F.3d 892, 897 (8th Cir. 2015) (quoting *Jackson*, 443 U.S. at 324). "In applying this standard, [the court does not] re-weigh the evidence, and [it] must resolve inconsistencies in favor of the prosecution." *Id.* That is, this Court can only grant habeas relief if it finds the state court's conclusion as to

8

the sufficiency of the evidence was both incorrect and unreasonable. *Garrison v. Burt*, 637 F.3d 849, 855 (8th Cir. 2011).

The court of appeals began by reviewing the evidence adduced at trial, which it summarized as follows:

> Beckstrand's son got into bed with Beckstrand because he was scared, Beckstrand moved his hand to touch his son's penis, he placed his hand under his son's clothes, once his hand was down his son's pants, "he kept moving it around," this continued for approximately five seconds, and Beckstrand was pretending to be asleep but was really awake during this encounter.

*Beckstrand*, 2019 WL 1006665 at *2. It then noted that although Petitioner testified in his defense that his action was not motivated by sexual intent, the jury rejected that testimony and convicted Petitioner of second-degree criminal sexual conduct. The court relied on this evidence when it concluded the evidence was sufficient to prove Petitioner's action was motivated by sexual intent. Indeed, it held, "the circumstances proved are inconsistent with anything other than an intentional touching that was sexually motivated." *Id.*

The question for this Court is not whether *it* believes the evidence at the trial established Petitioner's guilt beyond a reasonable doubt, but rather, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 318–19 (emphasis in original). The Court answers that question in the affirmative. There was sufficient evidence for a rational trier of fact to have concluded, based on the evidence adduced at trial, that Beckstrand's actions were intentional and

were motivated by a sexual or aggressive intent. The state court's ruling on the sufficiency of the evidence was not contrary to, or an unreasonable application of, clearly established federal law. The Court recommends the Petition be denied.

## IV. Recommendation

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Jason Alan Beckstrand's Petition for Writ of Habeas Corpus [ECF No. 1] be **DENIED** and this action be **DISMISSED WITH PREJUDICE**.


Date:  December 16, 2020         s/ *Hildy Bowbeer*
                                 HILDY BOWBEER
                                 United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.
LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).