UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON ALAN BECKSTRAND, | Case No. 20-CV-1711 (NEB/HB) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| JAMES BOLIN, | |
| Respondent. | |

Jason Alan Beckstrand petitioned for a writ of habeas corpus under 28 U.S.C. Section 2254, challenging his conviction of second-degree criminal sexual conduct. (ECF No. 1 ("Pet.").) In a Report and Recommendation, United States Magistrate Judge Hildy Bowbeer recommends denying Beckstrand's petition and dismissing this action with prejudice. (ECF No. 13 ("R&R").) The Court now reviews *de novo* those portions of the R&R to which Beckstrand objects. (ECF No. 14 ("Obj.")); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Because Beckstrand is proceeding *pro se*, the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

BACKGROUND

The R&R and the Minnesota Court of Appeals opinion comprehensively explain the relevant factual and procedural history of the case. (R&R at 1–3); *State v. Beckstrand*,

No. A18-0189, 2019 WL 1006665, at *1 (Minn. Ct. App. Mar. 4, 2019), *review denied,* (Minn. May 28, 2019). The Court repeats some facts as necessary for its analysis.

A Minnesota jury convicted Beckstrand of second-degree criminal sexual assault under Minnesota Statute Section 609.343, subdivision 1(a). *Beckstrand*, 2019 WL 1006665, at *1. Beckstrand appealed the conviction, arguing, among other things, that the circumstantial evidence was insufficient to show that he "intentionally touched" his son's penis, or that he did so with "sexual or aggressive intent," under Minnesota Statute Section 609.341, subdivision 11(a)(i). *Id.* The Minnesota Court of Appeals applied a two-step analysis for assessing criminal convictions based on circumstantial evidence and held that the evidence was sufficient for the jury to find Beckstrand guilty of second-degree criminal assault. *Id.* at *2 (applying Minnesota law). Beckstrand petitioned for review with the Minnesota Supreme Court; the petition was denied. *State v. Beckstrand*, No. A18-0189 (Minn. May 28, 2019).

Beckstrand filed the instant habeas petition, arguing that the state violated his federal due process rights when it relied on circumstantial evidence to prove that he acted intentionally. (Pet. at 5.)[1] The R&R recommends that the Court deny Beckstrand's petition because: (1) Beckstrand failed to fairly present his federal claims to the Minnesota Supreme Court, and thus they are procedurally defaulted; and (2) even if Beckstrand's claims were not defaulted, the trial court's ruling on the sufficiency of the evidence was

---

[1] Page citations to the Petition reference the ECF page numbers.

not contrary to, or an unreasonable application of, clearly established federal law. (R&R at 3–10.) Beckstrand filed an objection to the R&R.

## ANALYSIS

### I.     Procedurally Defaulted Claims

Under Section 2254, a petitioner must first exhaust his or her state court remedies before seeking relief from a federal court, giving the state court the opportunity to consider and correct alleged violations of federal rights. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust his claims, the petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). To fairly present a claim, the petitioner must refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (quotation omitted). A petitioner cannot present a claim that is merely "similar" to the federal habeas claim—it must be specifically federal in nature. *Id.*

If the court finds that the petitioner did not fairly present the claims in the petition to the state courts, it must then determine whether the claim may still be raised to a state court. *Foster v. Fabian*, No. 07-CV-4317 (JRT/JJG), 2009 WL 921063, at *3 (D. Minn. Mar. 31, 2009); *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). When a petitioner fails

3

to exhaust a claim in state court and the state court will no longer review it based on an independent and adequate state procedural ground, the petitioner has procedurally defaulted that claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In Minnesota, if an issue has or could have been litigated on direct appeal, it may not be litigated in a second collateral appeal. *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). Thus, any claims Beckstrand makes in his habeas petition that could have been, but were not, brought before both the Minnesota Court of Appeals and the Minnesota Supreme Court are procedurally defaulted.

Beckstrand objects to the R&R's conclusion that he cited no federal cases or constitutional provisions in his petition for review to the Minnesota Supreme Court. (Obj. at 2.) Beckstrand cited the Due Process Clause of the Fourteenth Amendment and federal cases in his brief to the Minnesota Court of Appeals, but did not do so in his petition for review to the Minnesota Supreme Court.[2] (ECF No. 7-7 at 12; ECF No. 7-10 (petition for review).) Because Beckstrand did not raise his federal claims in the petition for review, he procedurally defaulted those claims. *See Baldwin*, 541 U.S. at 32 (holding that to fairly

---

[2] Beckstrand was represented by counsel for both his appeal and his petition for review. (ECF Nos. 7-7, 7-10.) Thus, Beckstrand's argument that the Court should liberally construe his *pro se* pleadings does not impact the review of issues that were or could have been raised in state court. (Obj. at 2.)

4

present a claim, a petitioner must do so in a way that the state court need not "read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").

Although Beckstrand defaulted on his federal claims, the Court may review them if Beckstrand can (1) establish cause for the default and actual prejudice resulting from the alleged violation, or (2) show that failing to consider the claims "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Kindred v. Titus*, No. 17-CV-0620 (SRN/HB), 2017 WL 6987990, at *3 (D. Minn. Dec. 27, 2017), *R&R adopted*, 2018 WL 461137 (D. Minn. Jan. 17, 2018). If neither of these exceptions apply, the court should deny the petition without reaching the merits of the claim. *Kindred*, 2017 WL 6987990, at *3.

The first exception does not apply because Beckstrand fails to establish cause for the default. Under the cause-and-prejudice exception, cause is "something external to the petitioner, something that cannot fairly be attributed to him," such as "a showing that the factual or legal basis for a claim was not reasonably available . . . or that some interference by officials made compliance impracticable.'" *Coleman*, 501 U.S. at 753 (citation and quotation omitted, cleaned up). Nothing in Beckstrand's habeas pleadings suggests a cause for his default. Beckstrand argues that precluding him from habeas review would be prejudicial because he "has no administrative control of the level of State representation." (Obj. at 2.) To the extent that Beckstrand contends that his counsel was

5

ineffective by failing to raise a federal claim in his petition for review, "appellate counsel does not have a duty to include all possible claims on direct appeal, but rather is permitted to argue only the most meritorious claims." *Jackson v. State*, 817 N.W.2d 717, 724 (Minn. 2012) (quotation omitted); *id.* (noting that it "has never held . . . that appellate counsel is under a duty to raise federal constitutional claims in a state-court appeal simply to preserve those issues for federal habeas review"). Because Beckstrand has not established cause, the Court does not consider whether he has suffered prejudice. *McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997).

Beckstrand also fails to show that the fundamental-miscarriage-of-justice exception applies, because he does not "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). Neither exception to procedural default applies, thus the Court will not excuse the default. *Franklin v. Hawley*, 879 F.3d 307, 313–14 (8th Cir. 2018).

Out of an abundance of caution, the R&R reviewed the merits of Beckstrand's sufficiency of the evidence due process claim, and concluded that even if it were not procedurally defaulted, the trial court's ruling on the sufficiency of the evidence was not contrary to, or an unreasonable application of, clearly established law. (R&R at 6–10); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979) (explaining that the sufficiency-of-the-evidence inquiry "does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt," but rather, "whether

after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (emphasis in original). Beckstrand does not object to this conclusion. The Court reviews this conclusion for clear error and, finding no clear error, accepts it. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

## II.   Certificate of Appealability

The final issue the Court must confront is whether to issue a certificate of appealability for Beckstrand's Petition. A petitioner seeking relief under Section 2254 cannot appeal an adverse ruling absent a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Court may issue a certificate of appealability only if the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds it unlikely that any other court would decide Beckstrand's claims differently than it has. Beckstrand has not brought forth, and the Court cannot see, any claims that raise novel, noteworthy, or worrisome issues warranting further appellate review. The Court therefore denies the issuance of a certificate of appealability.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Beckstrand's objections (ECF No. 14) are OVERRULED;

2. The Report and Recommendation (ECF No. 13) is ACCEPTED;

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED;

4. The action is DISMISSED WITH PREJUDICE; and

5. No certificate of appealability be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: March 29, 2021                               BY THE COURT:

                                                    s/Nancy E. Brasel
                                                    Nancy E. Brasel
                                                    United States District Judge